**Judy A. COPELIN, Appellant,**

v.

**REED TOOL COMPANY, Appellee.**

**No. A2290.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 5, 1980.

Rehearing Denied March 26, 1980.

Robert D. McPherson, Houston, for appellant.

Charles W. Hurd, III, Randell C. Roberts, Fulbright & Jaworski, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment against appellant who sought damages for loss of consortium.

George Copelin, appellant's husband, was injured on January 4, 1979 while working in the "course of his employment," as that term is used in Tex.Rev.Civ.Stat.Ann. art. § 8306 (Vernon 1967). Appellant brought suit alleging that appellee's willful misconduct or gross negligence caused severe brain damage to appellant's husband leaving him in a coma and resulting in appellant's loss of her husband's consortium. The parties stipulated that at the time of the accident, 1) appellee was a subscriber to workers' compensation insurance as provided under the Workers' Compensation Act (the Act), 2) appellant's husband was an employee of appellee, and 3) appellant's husband was in the course of his employment with appellee. Based on these stipulations, appellee filed a Motion for Summary Judgment, claiming that since Tex.Rev. Civ.Stat.Ann. art. 8306 § 3 (Vernon 1967) barred appellant's husband from bringing a negligence action against appellee, appellant's claim for consortium (being derivative of her husband's action) was likewise barred, and that there was no material issue of fact to be decided. The trial court granted appellee's motion.

Appellant contends that her petition did state a cause of action and that there were disputed issues of fact. First, appellant claims that her husband's injury was caused by appellee's "intentional misconduct." While the words "intentional misconduct" need not be construed to mean appellee intentionally injured appellant's husband, that appears to be the construction given to them by both parties in their briefs, stipulations, and oral arguments. The Texas Supreme Court, in ruling on the constitutionality of the Workers' Compensation Act, has said:

> Here the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited. Its emergency clause declares its aim to be the protection by an adequate law of the rights of employees injured in "industrial accidents," and the beneficiaries of such employees as may be killed "in such accidents." The Bill of Rights, Section 13, Article I of the Constitution provides that "every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"; that is, the right of redress in the courts of the land in accordance with the law's administration. It is therefore not to be doubted that the Legislature is without the power to deny the citizen the right to resort to the courts for the redress of any intentional injury to his person by another. Such a cause of action may be said to be protected by the Constitution and could not be taken away; nor could the use of the courts for its enforcement be destroyed. This Act does not affect the right of redress for that class of wrongs. The injuries or wrongs, with which it deals are accidental injuries or wrongs. What we know and denominate as the cause of action arising from an accidental injury is purely the creation of the common law. It is a common law liability founded upon the common law doctrine of negligence; and but for the rule of the common law,— sometimes also expressed in statutes,— there would be no liability for such an injury, and hence no cause of action for it.

*Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556, 560 (1916). *Accord Porter v. Downing*, 578 S.W.2d 460 (Tex. Civ.App.—Texarkana 1979, writ ref'd n.r. e.).

Consequently, if the injury suffered by appellant's husband was intentionally inflicted by appellee, her husband's resulting cause of action would not and could not be barred by §§ 3 or 3a of article 8306 of the Act, or any other legislative enactment, un-

less he elected to file a claim under the Act, thereby admitting that the claim was accidental. Thus, appellant's claim for loss of consortium, whether derivative of her husband's claim or not, cannot be barred by those sections of the Act. The question of whether there was intentional misconduct is, therefore, a material issue of fact.

■ Appellant also contends that even if her husband's injuries were not intentionally inflicted by appellee, since her cause of action for loss of consortium is her separate property, it cannot be destroyed by her husband's entering into a workers' compensation agreement. We agree. In the recent Supreme Court decision of *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978), the Court dealt with the question of "whether one spouse has an independent action for loss of consortium as a result of physical injuries caused to the other spouse by the negligence of a third party." *Whittlesey v. Miller, supra* at 665. In that case, respondent and her husband were involved in a collision with a vehicle driven by petitioner. Respondent's husband and petitioner entered into a settlement agreement wherein respondent's husband released petitioner from liability for injuries he sustained in the accident. After holding that both spouses have a cause of action for intentional or negligent impairment of the marital relationship resulting in loss of consortium, the Court further held that such a tort action was for the "distinct damages to the emotional interests" of the deprived spouse. The Court further stated:

> It is clear that a recovery for personal injuries in Texas, other than that for loss of earning capacity, is the separate property of that spouse.

*Id.* at 669. Finally, the Court addressed the petitioner's contention that the settlement agreement entered into by respondent's husband and petitioner barred respondent's action. The Court held that the respondent's separate and independent claim could not be forfeited by her husband unless she had granted him the authority to do so. As held by the Court:

> This result obtains because a personal injury recovery is, as stated above, the separate property of the spouse recovering it. Section 5.21 of the Texas Family Code states that "[e]ach spouse has the sole management, control, and disposition of his or her separate property." In the absence of evidence showing authority, the mere relationship of husband and wife does not give the husband authority to contract with regard to the wife's separate property.

*Id.* at 669. Similarly, the separate property rights of the non-employed spouse cannot be forfeited by the employment of the other spouse by an employer who is a subscriber to workers' compensation insurance. Thus, the respondent's cause of action for damages due to loss of consortium is not barred by the Act even if her husband's cause of action for his separate and distinct injuries is barred.

We are not unmindful of the disruptive effect this opinion may have upon the administration of the Workers' Compensation Act; however, the result reached herein is compelled by the authorities cited. Appellee urges us to look beyond the wording of § 3 of article 8306 and, in accordance with the alleged legislative intent, construe that section so as to bar appellant's claim for consortium. In so urging, appellee refers us to the case of *Silurian Oil Co. v. White*, 252 S.W. 569 (Tex.Civ.App.—Amarillo 1923, writ ref'd), which also created a disruptive effect upon the administration of the Act. The function of this court is to interpret and not to legislate. We believe the court in *Silurian Oil Co. v. White, supra* properly left it to the legislature to resolve the problem. By the same reasoning, we have reached the only conclusion permitted under the cases, statutes, and Constitution of the State of Texas.

Reversed and remanded.