**REED TOOL COMPANY, Petitioner**

v.

**Judy A. COPELIN, Respondent.**

No. B–9379.

Supreme Court of Texas.

Dec. 3, 1980.

Rehearing Denied Feb. 18, 1981.

Fulbright & Jaworski, Daniel K. Hedges and Charles W. Hurd, III, Houston, for petitioner.

Robert D. McPherson, Houston, for respondent.

McGEE, Justice.

The primary issue presented is whether a wife's cause of action for loss of consortium against her injured husband's employer is barred by the Texas Workers' Compensation Act (the Act). The trial court held it was barred and granted a summary judg-

ment for the employer. The court of civil appeals reversed the judgment and remanded the cause to the trial court. 596 S.W.2d 302. We affirm the judgment of the court of civil appeals.

George Copelin, a machine operator for Reed Tool Company (Reed Tool) was injured on January 4, 1979 while in the course of his employment. From this injury, George Copelin suffered severe brain damage and was left in a coma. Judy A. Copelin, his wife, sued Reed Tool to recover damages for her loss of her husband's consortium, alleging that Reed Tool's intentional misconduct, gross negligence or negligence caused her husband's injury. Reed Tool moved for summary judgment, relying on the stipulations of the parties that (1) George Copelin was an employee of Reed Tool when he was injured, (2) George Copelin was injured while in the course and scope of his employment, and (3) Reed Tool was a subscriber of workers' compensation insurance. The trial court granted the summary judgment on the basis that Judy Copelin's action for loss of consortium was derivative and could not be maintained because her husband's suit for physical injuries was barred by article 8306, § 3.[1]

On appeal, the court of civil appeals reversed the judgment of the trial court and remanded the cause. It held that there was a material issue of fact to be resolved in the trial court as to whether the injury was caused by intentional misconduct. The court stated that Mrs. Copelin's action for loss of consortium—based on Reed Tool's intentional misconduct—whether derivative of her husband's suit or not, could not be barred by article 8306, § 3. 596 S.W.2d at 304. The court of civil appeals also held, citing this Court's decision in *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978), that Mrs. Copelin's action for loss of consortium, whether based on intentional misconduct, gross negligence, or negligence, was her separate property and, therefore, could not be destroyed by her husband's workers' compensation agreement. *Id.* at 304.

Reed Tool maintains that a wife's action for loss of consortium is derivative and cannot be pursued when the injured husband's suit is excluded or barred by article 8306, § 3. To resolve this contention, we must decide whether the wife's action for loss of consortium is derivative. If the consortium suit is derivative, we must then decide whether Judy Copelin is precluded from pursuing a claim for intentional impairment of consortium as well as gross negligent impairment and negligent impairment of consortium.

We recognized, in *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978), a wife's right to maintain a cause of action for loss of consortium arising from injuries sustained by her husband. In *Whittlesey*, we also characterized the wife's cause of action as being *derivative* of the tortfeasor's liability to her husband for his physical injuries:

> "Finally, while the [wife's] suit for loss of consortium is considered to be *derivative* of the [injured husband's] negligence action to the extent that the tortfeasor's liability to the [injured husband] must be established, the consortium action is, nevertheless, independent and apart from that of the [injured husband's] negligence action."

*Id.* at 667.

In holding the suit was derivative, we acknowledged that the wife, as a prerequisite to recovery, must establish the tortfeasor's liability for her husband's physical injuries. Unless this liability can be shown, the wife has no cause of action regardless of the extent of her injuries. This same rule has also been applied to other types of derivative actions. *Grove Manufacturing Co. v. Cardinal Construction Co.*, 534 S.W.2d 153 (Tex.Civ.App.–Houston [14th Dist.] 1976, writ ref'd n. r. e.); *City of Houston v. Watson*, 376 S.W.2d 23 (Tex.Civ. App.–Houston 1964, writ ref'd n. r. e.). We therefore hold that Judy Copelin's suit is derivative and that a defense that tends to

---

1. All statutory references are to Vernon's Annotated Texas Civil Statutes unless otherwise stated in the opinion.

constrict or exclude the tortfeasor's liability to the injured husband will have the same effect on the wife's consortium action.[2] *See Whittlesey v. Miller, supra; Budahl v. Gordon & David Associates*, 287 N.W.2d 489 (S.D.1980) [sovereign immunity]; *Gates v. Foley*, 247 So.2d 40 (Fla.1971) [contributory negligence]; *Ziegler v. United States Gypsum Co.*, 102 N.W.2d 152 (Iowa 1960) [workers' compensation]; RESTATEMENT (SECOND) OF TORTS §§ 694, 694A (1977) [consent, contributory negligence]; W. PROSSER, Handbook of the Law of Torts § 125, at 892 (4th ed. 1971).

■ This is a summary judgment case. Reed Tool moved for summary judgment alleging that there was no issue of fact and it was entitled to judgment as a matter of law. Judy Copelin filed no written response or written answer to the motion. She was, therefore, limited in the court of civil appeals to the sole contention that the grounds presented in Reed Tool's motion are insufficient as a matter of law to support summary judgment. Tex.R.Civ.P. 166–A; *see City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Having determined that Judy Copelin's suit is derivative, we must now decide whether Reed Tool was, as a matter of law, exempt from common law liability to George Copelin for his injury.

■ The Texas Workers' Compensation Act was enacted in an effort to provide an alternative (in lieu of common law) and exclusive method for compensating employees for injuries sustained in the course of their employment. The Act provides that "employees of a subscriber ... shall have no right of action against their employer ... for damages for personal injuries."

Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (1967).[3] It was intended to exempt employers from all common law liability based on gross negligence and negligence, except in death cases for exemplary damages provided for in the Act. *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526 (Tex.1974); *Grove Manufacturing Co. v. Cardinal Construction Co., supra*. The Act also bars all common law causes of action that an employee may otherwise have had against his employer. It does not, however, exempt employers from common law liability for intentional injuries. *Middleton v. Texas Power and Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916). This cause of action is guaranteed to the employee by the Texas Constitution; it cannot be taken away by the legislature. Tex.Const. art. I, § 13. We are of the opinion that the Workers' Compensation Act by exempting Reed Tool's liability to George Copelin for gross negligence and negligence, as a matter of law, precluded Judy Copelin, his wife, from maintaining her consortium action on these same grounds. On the other hand, the Act did not destroy his cause of action for intentional injuries and as a result Judy Copelin's action for intentional impairment of consortium was not destroyed.

Reed Tool argues that Judy Copelin cannot maintain an action for intentional impairment of consortium because George Copelin waived his "intentional injuries" action by claiming and accepting benefits under the Act. This argument is based on an agreed motion filed with this Court, whereby the parties stipulated that George Copelin has been receiving and accepting workers' compensation benefits for his injury. As authority for this proposition, Reed Tool cites *Porter v. Downing*, 578 S.W.2d 460 (Tex.Civ.App.–Texarkana 1979, writ ref'd n.

---

2. The rule announced in *Graham v. Franco*, 488 S.W.2d 390 (Tex.1972), and *Southwestern Bell Telephone Co. v. Thomas*, 554 S.W.2d 672 (Tex. 1977), that a husband's contributory negligence could not be imputed to bar his wife's separate property recovery for personal injuries has no application here. Those cases did not involve derivative causes of action.

3. "Sec. 3. The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for...."

r. e.), where it was held that an employee by claiming or accepting workers' compensation benefits cannot thereafter maintain a suit for "intentional injuries" against his employer. *See also Jones v. Jeffreys,* 244 S.W.2d 924 (Tex.Civ.App.–Dallas 1951, writ ref'd).

In *Graham v. Franco,* 488 S.W.2d 390 (Tex.1972), we determined, in upholding the constitutionality of article 4615,[4] that a "recovery for personal injuries to the body of the [injured] wife, including disfigurement, and physical pain and suffering, past and future, is the separate property of the wife." *Id.* at 396. Similarly, in *Whittlesey v. Miller, supra,* we went further and recognized that a wife's recovery for her loss of consortium was also separate property because the recovery sought was compensation for personal injuries. We reached this conclusion by relying on *Graham v. Franco, supra,* and Section 5.01 of the Texas Family Code which specifically provides that "[a] spouse's separate property consists of . . . (3) [t]he *recovery* for personal injuries sustained by the spouse during marriage." (Emphasis added). Since this recovery was characterized as the wife's separate property, it was subject to her "sole management, control, and disposition." Tex.Fam.Code Ann. § 5.21 (1975). We concluded therein that the wife's right to recover for her loss of consortium could not be barred by a settlement agreement executed by the husband without the wife's authority.

In light of the foregoing, it is our conclusion that Judy Copelin's action for intentional impairment of consortium was not, as a matter of law, precluded in this case. When George Copelin was injured his action for "intentional injuries" against Reed Tool was not excluded by the Act. As a result, Judy Copelin's separate property claim for intentional impairment of consortium came into existence and was thereafter subject to her exclusive managerial powers. Because it was her separate property, George Copelin, by accepting workers' com-

pensation benefits, did not and could not bar her suit for intentional impairment of consortium.

We hold that Judy Copelin's action for gross negligent impairment and negligent impairment of consortium was barred by her husband's workers' compensation agreement, but that her action for intentional impairment of consortium was maintainable since the Act and George Copelin's acceptance of workers' compensation benefits could not destroy this separate property claim. Nothing appears in the pleadings or summary judgment evidence that as a matter of law would preclude a finding of intentional misconduct. Accordingly, we have determined that this cause must be remanded because there exists a material issue of fact as to whether George Copelin was injured by Reed Tool's intentional misconduct, a necessary prerequisite to Judy Copelin's action for intentional impairment of consortium.

The judgment of the court of civil appeals is affirmed in accordance with this opinion.

---

4. Tex.Rev.Civ.Stat.Ann. art. 4615 was repealed January 1, 1970 and carried forward in Section 5.01, Tex.Fam.Code Ann.