Judy A. COPELIN, Appellant,

v.

REED TOOL CO., Appellee.

No. 01–83–0785–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.
Rehearing Denied Aug. 11, 1984.

Robert D. McPherson, Houston, for appellant.

W.D. Carter, Fulbright & Jaworski, Charles W. Hurd, III, Fulbright & Jaworski, Patricia J. Kerrigan, Fulbright & Jaworski, Houston, for appellee.

Before DOYLE, DUGGAN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is the second appeal resulting from a suit for loss of consortium. Appellant, Judy A. Copelin, is the wife of George Copelin, a former machine operator for appellee, Reed Tool Company. George Copelin suffered severe brain damage and was left in a coma due to injuries suffered while in the course of his employment. Appellant's claim for damages is based on her husband's injuries.

Judy Copelin alleged that Reed Tool's intentional misconduct, gross negligence or negligence caused her husband's injury. The trial court granted Reed Tool's motion for summary judgment on the basis that Judy Copelin's action was derivative and could not be maintained, because her husband's suit for physical injuries was barred by the Texas Workers' Compensation Act. Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 3.

The Supreme Court held that Judy Copelin's action for grossly negligent impairment of consortium was barred by her husband's workers' compensation agreement, but that her action for intentional impairment of consortium was maintainable, since neither the Act nor George Copelin's acceptance of workers' compensation benefits could destroy this separate property claim.

*Reed Tool Co. v. Copelin,* 610 S.W.2d 736 (Tex.1980).

The case was remanded to the district court because of the existence of a material issue of fact as to whether George Copelin was injured by Reed Tool's intentional misconduct. Reed Tool again moved for a summary judgment. The company asserted that there was no genuine issue of material fact concerning an intentional injury. Appellant filed no response, and the summary judgment was granted.

In her sole ground of error, appellant contends that the trial court erred in granting the summary judgment, because there is a question of fact regarding intentional injury that should have been submitted to a jury. Appellee responds that by failing to file a written response to the summary judgment motion, appellant did not preserve error.

Tex.R.Civ.P. 166–A(c) provides that upon the filing of a motion for summary judgment:

> The judgment sought shall be rendered forthwith [if the summary judgment proof shows that] there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response.

█ If no answer is filed to a motion for summary judgment, the only issue which the non-movant may raise on appeal is that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support a summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). See generally Hittner, *Summary Judgments in Texas,* 35 Baylor L.Rev. 207 (1983).

In the first appeal of this case, the Supreme Court applied this same rule:

> Reed Tool moved for summary judgment alleging that there was no issue of fact and it was entitled to judgment as a matter of law. Judy Copelin filed no written response or written answer to

the motion. She was, therefore, limited in the court of civil appeals to the sole contention that the grounds presented in Reed Tool's motion are insufficient as a matter of law to support summary judgment.

*Reed Tool Co.*, 610 S.W.2d at 739. Thus, filing a written response in opposition to the motion for summary judgment was not required to preserve the error claiming that appellee's proof was insufficient as a matter of law.

Judy Copelin alleges that appellee Reed Tool intentionally caused injury to her husband because it required him to operate a machine known to be dangerous under unsafe conditions. Reed Tool relies on deposition testimony of two of its former employees, Willie Graves, Jr., and his son, Carl Graves, as proof of lack of intent. Both testified that they did not believe that anyone at Reed Tool had intentionally injured George Copelin. However, Carl Graves also testified that the machine on which George Copelin had been injured was "known to be the unsafest machine in the department," that the machine was known as "jaws," that other workers had been injured by the machine, that Reed Tool supervisors responded to complaints concerning safety with indications that the complaining employee might lose his job, and that George Copelin was working 12–hour shifts and looked "zonked."

■ This testimony is merely evidentiary; it is insufficient to negate as a matter of law a finding of intent. At most, this testimony raises a fact issue as to whether Reed Tool's actions toward its employees amounted to intent to injure them.

■ The burden of the movant for summary judgment is to show that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The affirmance by this court of the judgment for defendant depends on whether the summary judgment proof meets that burden. *Grimes v. Jalco*, 630 S.W.2d 282 (Tex.App. —Houston [1st Dist.] 1981, writ ref'd n.r.

e.). The non-movant does not have the burden of going forward with summary judgment proof unless the movant's proof establishes a lack of any fact issue as a matter of law in order to avoid summary judgment against him. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Appellant did not have the burden of producing summary judgment proof of intent, and it was appellee's burden to offer competent summary judgment proof negating, as a matter of law, the appellant's allegations of such intent. *See Bradley v. Quality Tank Lines*, 659 S.W.2d 33 (Tex.1983). Accordingly, appellee's summary judgment proof is insufficient.

Reed Tool also asserts that the summary judgment was correct, because Judy Copelin cannot maintain this cause of action. It argues that she does not allege an intentional tort, because she did not allege that Reed Tool intended for George Copelin to be injured. Her specific allegations were that Reed Tool intentionally injured George Copelin because it required him to operate a machine that it knew to be unsafe, defective, and below minimal safety standards; that the machine had been intentionally modified by Reed Tool to operate in an unsafe fashion; that Reed Tool required George Copelin to operate a machine on which it knew he was inadequately trained; and that the company required him to work under such conditions and such long hours as to violate minimum legal safety standards.

■ In a recent case, *Bennight v. Western Auto Supply Co.*, 670 S.W.2d 373 (Tex.App.—Austin 1984, writ filed), the court discussed employer intent in a loss of consortium case based on personal injuries sustained in the course of employment. The court held that intent to cause a particular consequence is not limited to those consequences which the actor desires, but includes those which he knows are certain, or substantially certain, to result from his act. In *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665 (Tex.1981) the Supreme Court ruled that an allegation of

willful negligence or willful gross negligence is an allegation based upon negligence and is insufficient to allege an intentional injury. The court held that an injury caused by willful negligence or willful gross negligence is not an intentional injury necessary to avoid the effect of the Workers' Compensation Act. However, in the case at bar Judy Copelin alleges that Reed Tool breached a duty when it intentionally maintained the work place in an unsafe condition and required George Copelin to work there. The unlawful and intentional invasion of a legally protected interest of another will supply the intent necessary to hold the actor liable for the unintended consequences of his act when some other legally protected interest of the victim is harmed in consequence of the act. *Bennight*, 670 S.W.2d at 377. A jury could find that Reed Tool intentionally maintained an unsafe work place in which it required George Copelin to work. Even if the jury found that Reed Tool had not specifically intended to injure George Copelin, the intent to maintain an unsafe work place could supply the necessary intent to support Judy Copelin's cause of action. Accordingly, Judy Copelin's allegations are sufficient to allege a cause of action for an intentional injury.

Reversed and remanded.