COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| VINCENT MAES and CYNTHIA MAES, AS NEXT FRIEND OF ISABEL G. MAES, A MINOR CHILD and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | § § § § | No. 08-11-00331-CV<br><br>Appeal from the<br><br>County Court at Law No. 5 |
| Appellants, | § | of El Paso County, Texas |
| v. | § | (TC#2010-3620) |
| EL PASO ORTHOPAEDIC SURGERY GROUP, P.A., | § | |
| Appellee. | | |

**O P I N I O N**

Appellants Vincent and Cynthia Maes, as next friend of Isabel G. Maes, a minor child, and The Insurance Company of the State of Pennsylvania (ICTSP) appeal from a summary judgment granted in favor of El Paso Orthopaedic Surgery Group, P.A. (EPOSG). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2000, Vincent Maes suffered a spinal injury after being involved in a motor vehicle accident while working as a truck driver. On July 6, 2001, Dr. Paul Cho, a neurosurgeon employed by EPOSG, performed a lumbar laminectomy and bilateral facetectomies with fusion on Mr. Maes. After the surgery, Mr. Maes allegedly experienced foot drop, muscle weakness, and urinary and sexual dysfunction. Mr. Maes' surgery also allegedly resulted in progressive paraplegia T10 and distally.

On July 7, 2003, Mr. Maes filed suit against EPOSG and Dr. Cho. The suit against EPOSG was dismissed with prejudice in 2004, and we affirmed the trial court's judgment on appeal in 2007.[1] *See Maes v. El Paso Orthopaedic Surgery Group*, 243 S.W.3d 695, 697 (Tex. App. – El Paso 2007, pet. denied).

On September 17, 2010, Appellants filed suit against EPOSG on behalf of their daughter, Isabel Maes, who was eleven years old at the time suit was filed. In their original petition, Appellants alleged that EPOSG was vicariously liable for the negligent and grossly-negligent conduct of Dr. Cho and sought both damages for Isabel's loss of parental consortium based on the allegedly disabling injury to Mr. Maes as well as exemplary damages for Dr. Cho's alleged gross negligence. In December 2010, ICTSP intervened in Isabel's suit against EPOSG asserting rights of subrogation pursuant to a worker's compensation policy with Mr. Maes' employer or a right of reimbursement under a letter agreement executed by the Maes family in 2007.

EPOSG moved for summary judgment on the grounds that: (1) Isabel's claims for loss of consortium were barred by the expiration of the two-year statute of limitations on Mr. Maes' underlying claim; and (2) Isabel's claims were barred because Mr. Maes' underlying claim was dismissed with prejudice in prior litigation. In response to the summary judgment motion, Appellants argued that Isabel's loss of parental consortium claims are separate and independent claims from Mr. Maes' underlying claim and, as such, contended that neither a statute-of-limitations defense nor the prior dismissal of Mr. Maes' claim barred Isabel's claims. Appellants also urged that EPOSG's limitations defense failed because of the tolling provision of the Medical Liability Act and, subsequently, Chapter 74 of the Texas Civil Practice and Remedies Code, which provides that minors under the age of twelve have until their fourteenth birthday to

---

[1] The claims against Dr. Cho were not dismissed and the parties later settled.

file a healthcare liability claim.[2]  *See* former TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (repealed Sept. 1, 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011).

After a hearing, the trial court granted summary judgment in favor of EPOSG.   The trial court's order did not specify the grounds upon which it based its decision.   Appellants then filed a motion for new trial, which the trial court denied.   Appellants appeal the trial court's order granting EPOSG's motion for summary judgment.

## DISCUSSION

In a single issue on appeal, Appellants contend that the trial court erred by granting summary judgment to EPOSG because Isabel's consortium claims are not entirely derivative of her father's claims and, as such, are not affected by any post-injury bar to her father's claims or by his actions or inactions.

### *Standard of Review*

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).   Summary judgment is appropriate when the moving party shows there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.  *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).   Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact.  *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225

---

[2] Effective September 1, 2003, the Legislature repealed the Medical Liability Act and replaced it with Chapter 74 of the Civil Practice and Remedies Code.   *See* Acts of 1977, 65th Leg., R.S., ch. 817, 1977 TEX. GEN. LAWS 2039, 2039-2053, amended by Acts of 1993, 73rd Leg., R.S., ch. 625, § 3, 1993 TEX. GEN. LAWS 2347, 2347-49, amended by Acts of 1995, 74th Leg., R.S., ch. 140, § 1, 1995 TEX. GEN. LAWS 985, 985-89 (former TEX. REV. CIV. STAT. ANN. art. 4590i, § 1.01-16.02, the "Medical Liability and Insurance Improvement Act") (henceforth "former TEX. REV. CIV. STAT. ANN. art. 4590i"), repealed by Acts of 2003, 78 Leg., R.S., ch. 204, § 10.09, 2003 TEX. GEN. LAWS 847, 884 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.001 *et seq*. (West 2011) (eff. Sept. 1, 2003).

S.W.3d 303, 307 (Tex. App. – El Paso 2006, pet. denied).   When reviewing a motion for summary judgment, we must assume all of the evidence favorable to the nonmovant is true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in favor of the nonmovant. *Edwards v. Mesa Hills Mall Co. Ltd. Partnership,* 186 S.W.3d 587, 590 (Tex. App. – El Paso 2006, no pet.).   Where the trial court does not specify the grounds upon which summary judgment is granted, as in this case, we must affirm if any of the grounds are meritorious.   *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

### Loss of Parental Consortium

In *Reagan v. Vaughn*, the Supreme Court of Texas first recognized a cause of action for loss of parental consortium.  *Reagan v. Vaughn*, 804 S.W.2d 463 (Tex. 1990).   In creating this cause of action, the Court stated that a claim for loss of parental consortium is derivate in nature in so far as the tortfeasor's liability to the injured parent must be proven.   *Id*. at 467; *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 738 (Tex. 1980) (loss of spousal consortium).   Consequently, "the defenses which bar all or part of the injured parent's recovery have the same effect on the child's recovery."   *Reagan*, 804 S.W.2d at 468 (opin. on reh'g); *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 541 (Tex. App. – Dallas 1994, writ denied).

Nevertheless, loss of parental consortium claims are not entirely derivative but rather they are separate and independent claims that are not automatically extinguished for particular purposes, e.g., the injured parent enters into a settlement agreement for his personal injuries.   *See In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 646 (Tex. 2009) (holding that a subsequent non-injured spouse's loss of consortium claim is not barred by a settlement agreement signed by the injured spouse); *Whittlesey v. Miller*, 572 S.W.2d 665, 667-69 (Tex. 1978) (same); *Lehmann v.*

*Har-Con Corp.*, 76 S.W.3d 555, 564 (Tex. App. – Houston [14th Dist.] 2002, no pet.) (recognizing loss of parental consortium claim is not automatically extinguished because injured parent settles his underlying claim); *see also Reed Tool Co.*, 610 S.W.2d at 738-39 (sovereign immunity, contributory negligence, and consent defenses as other possible defenses which could constrict or exclude a spouse's loss of consortium claims). The distinction between settlement and other defenses is due to the rules applicable to settlement. A release cannot bind a person who is not a party to the settlement agreement. *First Trust Corp. TTEE FBO v. Edwards*, 172 S.W.3d 230, 239 (Tex. App. – Dallas 2005, pet. denied); *Dwyer v. Sabine Mining Co.*, 890 S.W.2d 140, 143 (Tex. App. – Texarkana 1994, writ denied); *see also Whittlesey*, 572 S.W.2d at 669. A party who does not own a claim is unable to release it. *Equitable Recovery, L.P. v. Heath Ins. Brokers, L.P.*, 235 S.W.3d 376, 387 (Tex. App. – Dallas 2007, pet. dism'd). Therefore, a person is not bound by a release unless he has given authority for the third party to act for him. *Dwyer*, 890 S.W.2d at 143. Furthermore, minors lack the capacity to bring a legal claim and claims belonging to them must be asserted through a legal guardian, a next friend, or guardian ad litem. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). The claims of a minor may not be settled without court approval. TEX. R. CIV. P. 44(2) (a next friend or guardian ad litem may with the approval of the court, compromise suit and agree to judgment that, when approved by the court, are binding upon the minor plaintiff). Furthermore, a parent does not have the right to settle a minor's claim without a guardian ad litem. *See generally* TEX. R. CIV. P. 173.4.

### *Statute of Limitations*

In their first sub-issue, Appellants assert the trial court erred in granting summary judgment for EPOSG as Isabel's claims for loss of consortium claims are separate and distinct

5

claims from Mr. Maes' underlying claim, and her claims could not be time-barred due to the expiration of the statute of limitations on Mr. Maes' claim. We recognize that loss of parental consortium claims are separate and independent claims, but simply because a child has an independent right to assert the claims does not mean they are not derivative claims. *See Lehmann*, 76 S.W.3d at 564. Under Texas law, claims for loss of parental consortium are extinguished by the running of the statute of limitations on the injured parent's underlying claim. *See Upjohn Co.*, 885 S.W.2d at 541; *Nash ex. rel. Nash v. Selinko*, 14 S.W.3d 315, 318 (Tex. App. – Houston [14th Dist.] 1999, pet. denied); *Martinez v. Humble Sand & Gravel, Inc*., 940 S.W.2d 139, 148 (Tex. App. – El Paso 1996), *aff'd sub nom. Childs v. Haussecker*, 974 S.W.2d 31 (Tex. 1998). Nevertheless, Appellants maintain that the statute of limitations for Isabel is tolled under the Medical Liability Act and Chapter 74 of the Texas Civil Practice & Remedies Code. *See* former TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (repealed Sept. 1, 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011) (creating a two-year statute of limitations for health care liability claims and providing that minors under the age of twelve years have until their fourteenth birthday to file a health care liability claim). We do not agree.

In *Nash v. Selinko*, the court held that a child's loss of parental consortium claims are extinguished by the expiration of the statute of limitations on the injured parent's underlying claim, "especially since limitations is a defense which would bar the injured parent's recovery." *Nash*, 14 S.W.3d at 318. *Nash* also concluded that the expiration of the statute of limitations on the injured parent's claim is a valid defense against a claim for loss of parental consortium. *Id*. A child seeking damages for the loss of consortium of his or her injured parent shares the same statute of limitations that applies to the injured parent's underlying claim. *See id*. In *Nash*, the

6

court concluded that section 10.01 of the Medical Liability Act barred the children of an injured parent who was still alive from bringing a loss of parental consortium claim, where the alleged medical negligence occurred in 1988, and the children's loss of consortium claims were not asserted until 1996. *Nash*, 14 S.W.3d at 316; *see also* former TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (repealed Sept. 1, 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). We find *Nash* to be persuasive.

Mr. Maes' cause of action accrued in 2001 after he underwent back surgery. The two-year statute of limitations expired in 2003. *See* former TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (repealed Sept. 1, 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). EPOSG concedes that Mr. Maes' original suit was timely, but counters that the expiration of the statute of limitations on Mr. Maes' claim in general creates a derivative bar to Isabel's claim for loss of parental consortium. Here, as in *Nash*, Isabel's loss of parental consortium claims were filed in 2010, long after the statutory limitations period had expired on Mr. Maes' claim, and his claim would have been untenable. *See Nash*, 14 S.W.3d at 319. Because a claim for loss of parental consortium is derivative in nature and owes its existence to the injured parent's claim, it is subject to the same defenses the injured parent's action would have been subject to. *Nash*, 14 S.W.3d at 317-18; *see also Upjohn Co.*, 885 S.W.2d at 541 (consortium claims are subject to the same defenses as underlying claim). Isabel's right to sue for loss of parental consortium was "extinguished" when the two-year statute of limitations ran on her father's underlying claim. *Nash*, 14 S.W.3d at 317-18; *Upjohn Co.*, 885 S.W.2d at 541.

Appellants also argue that applying a limitations bar to Isabel's claims before she reaches twenty years of age would be a violation of Article I, Section 13 of the Texas Constitution and the

7

Supreme Court's holding in *Sax v. Votteler*, 648 S.W.2d 661 (Tex. 1983) (holding that a limitations statute limiting a minor's opportunity to file a medical malpractice suit violated the open-courts provision because it effectively abolished the minor's right to assert the cause of action. *Id.* at 667; s*ee* TEX. CONST. art. I, § 13. However, we note that the holding in *Sax* dealt with a child's claim for medical malpractice not a child's claim for loss of parental consortium. *Id.* at 663. The trial court did not err in granting summary judgment in favor of EPOSG based on a limitations defense because the running of the statute of limitations on Mr. Maes' claim extinguishes Isabel's claim for loss of consortium. *Nash*, 14 S.W.3d at 318; *see also Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex. App. – San Antonio 1998, pet. denied) (loss of consortium and loss of services claims are derived from the injured family member's underlying claim for personal injuries and are subject to the same statute of limitations and defenses that preclude liability); *but see Browning-Ferris Industries, Inc. v. Lieck*, 845 S.W.2d 926, 949 (Tex. App. – Corpus Christi 1992), *rev'd on other grounds*, 881 S.W.2d 288 (Tex. 1994) (loss of spousal consortium claim is controlled by its own statute of limitations).

### *Dismissal of Underlying Healthcare Liability Claim*

In their second sub-issue, Appellants argue that Isabel's loss of parental consortium claims are not barred and should not be impacted by the dismissal of her father's underlying claim with prejudice in prior litigation for failure to file a proper expert report.

Isabel's claim is derivative of her father's claims against EPOSG, and any defense tending to constrict or exclude EPOSG's liability to her father has the same effect on Isabel's loss of consortium claim. *Reagan*, 804 S.W.2d at 468; *Upjohn Co.*, 885 S.W.2d at 541; *see also Reed Tool Co.*, 610 S.W.2d at 738-39; *Whittlesey*, 572 S.W.2d at 667. In other words, loss of parental

8

consortium claims are so closely related to the injured parent's underlying claim that they are inseparable from the underlying claim as a child cannot recover damages if the defendant is not found to be liable for the injured parent's underlying claim. *See Reagan*, 804 S.W.2d at 468; *Upjohn Co.*, 885 S.W.2d at 541; *Reed Tool Co.*, 610 S.W.2d at 738-39; *Whittlesey*, 572 S.W.2d at 667.

Appellants attempt to draw an analogy between loss-of-parental consortium claims with insurance subrogation claims. Specifically, Appellants point to the fact that Texas courts have held that the viability of a subrogee's claim does not depend on the viability of the subrogor or insured's claim. However, we find Appellants argument unconvincing because, in Texas, a party's loss of consortium claim must derive from a successful underlying tort claim. *Barker v. Halliburton Co.*, 645 F.3d 297, 300 (5th Cir. 2011); *see generally Motor Express Inc., v. Rodriguez*, 925 S.W.2d 638, 640 (Tex. 1996); *Whittlesey*, 572 S.W.2d 665, 667-69. In *Barker*, the Fifth Circuit upheld the dismissal of a husband's loss-of-consortium claim because the claim: (1) did not derive from his injured spouse's successful tort claim, but rather stemmed from a federal civil-rights claim; and (2) did not derive from his wife's successful tort claim for her physical injuries, as an arbitrator had dismissed his wife's claim with prejudice. *Barker*, 645 F.3d at 299-300.

We find the Fifth Circuit's reasoning persuasive. Here, Mr. Maes' underlying claim was not successful because it was dismissed with prejudice in prior litigation. *See Maes*, 243 S.W.3d at 697. Had Appellants joined Isabel as a plaintiff in their original lawsuit in 2003, her derivative claim would have likewise been barred due to the dismissal of her father's underlying claim. *See Am. Industries Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 144 (Tex. App. – Houston [14th Dist.]

9

2001, pet. denied) (loss of consortium claims are derivative of the underlying personal injury action and thus, barred if the injured party has no recovery); *Howard*, 980 S.W.2d at 719 ("Claims for loss of consortium and loss of services are derivative of the injured family member's cause of action for personal injuries and are subject to the same statute of limitations and defenses that preclude liability."). We note that requiring a loss-of-consortium claim to derive from a successful underlying tort claim reduces the potential for multiple cases and conflicting outcomes.

It would be illogical to conclude that the dismissal of Mr. Maes' underlying claim did not similarly bar the derivative claim that Appellants filed on Isabel's behalf in 2010. To permit a derivative loss-of-parental consortium claim to survive the same defenses that precluded liability on the injured parent's underlying claim would lead to untenable results such that a defense which would have barred an earlier presented claim would not operate to extinguish a later-presented claim. To hold otherwise could entice parties to wait to bring a loss of consortium claim just in case the underlying tort claim fails in the first suit, effectively giving them a second chance in court. The fact that a proper expert report was filed in Isabel's claim in 2010, does not change the fact that Mr. Maes' claim was dismissed with prejudice, as such, Isabel's derivative claim suffers the same prejudice. *Barker*, 645 F.3d at 300; *see generally Motor Express Inc.*, 925 S.W.2d at 640; *Whittlesey*, 572 S.W.2d at 667-69.

We conclude that the trial court did not err in granting EPOSG's motion for summary judgment because the dismissal of her father's underlying claim also excludes her claims for loss of parental consortium. *See Barker*, 645 F.3d at 300; *Am. Industries Life Ins. Co.*, 64 S.W.3d at 144; *Howard*, 980 S.W.2d at 719; *see also J & J Timber Co. v. Broome*, 932 So.2d 1, 6 (Miss. 2006) (where an underlying personal injury claim has been disposed of, a loss of consortium claim

10

cannot be maintained).   Accordingly, we hold that the trial court did not err by granting EPOSG's motion for summary judgment on Isabel's loss of consortium claims where the underlying claim was dismissed with prejudice.   *Barker*, 645 F.3d at 300; *Am. Industries Life Ins. Co.*, 64 S.W.3d at 144; *Howard*, 980 S.W.2d at 719; *J & J Timber Co.*, 932 So.2d at 6.    Issue One is overruled.

## CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

October 31, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

11