**ZUFFA, LLC, d/b/a The Ultimate Fighting Championship, Appellant**

**v.**

**HDNET MMA 2008 LLC, Appellee.**

**In re Zuffa, LLC, d/b/a The Ultimate Fighting Championship, Relator.**

**No. 05–08–00666–CV.**

Court of Appeals of Texas, Dallas.

July 31, 2008.

Nina Cortell, Sharon N. Freytag, Barry F. McNeil, Heather D. Bailey, Haynes & Boone, LLP, Dallas, TX, for appellant.

Thomas M. Melsheimer, Fish & Richardson L.L.P., Dallas, TX, for appellee.

John B. Scott, Andrew W. Yung, Scott Yung, LLP, Dallas, TX, for real party in interest.

Before Justices MOSELEY, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice BRIDGES.

By way of petition for writ of mandamus and interlocutory appeal,[1] Zuffa, LLC, d/b/a The Ultimate Fighting Championship (Zuffa) contends the trial court abused its discretion by denying Zuffa's (1) motion to dismiss for lack of subject matter jurisdiction and (2) motion to compel arbitration and stay this case pending arbitration.

We conditionally grant Zuffa's petition for writ of mandamus on the trial court's denial of Zuffa's motion to stay this litigation pending arbitration. We dismiss the interlocutory appeal.

## Background

Zuffa, a promoter of mixed martial arts competitions throughout the world, entered into a contract with Randy Couture, a mixed martial arts fighter, to promote fights for Couture (the Zuffa Contract). The Zuffa Contract contains an arbitration clause. Before the termination of the Zuffa Contract, Couture submitted his resignation to Zuffa. Zuffa and Couture dispute the effect of Couture's resignation on the Zuffa Contract.

HDNet MMA 2008 LLC (HDNet) subsequently entered into a contract with Couture to promote mixed martial arts fights for Couture (the HDNet Contract). The terms of the HDNet Contract provide that it becomes effective upon the termination of the Zuffa Contract. HDNet filed the underlying action, seeking a "declaration from the Court proclaiming the earliest Effective Date at which the term of the Fighter Agreement between HDNet and Couture may begin without violating any provisions of the UFC Fight Contract between Zuffa and Couture." Zuffa then filed for arbitration with Couture in Nevada, pursuant to the arbitration clause in the Zuffa Contract, requesting both damages due to Couture's alleged failure to comply with the Zuffa Contract and a declaration, in relevant part, that the Zuffa Contract "is valid, binding and requires Couture to participate in at least two more bouts thereunder if he intends to continue his career as a professional MMA fighter."

---

1. We consolidated the two proceedings. *See In re Valero Energy Corp.,* 968 S.W.2d 916, 916–17 (Tex.1998) (orig. proceeding) (per curiam).

In the trial court, Zuffa filed a motion to dismiss, asserting HDNet did not have standing to seek a declaration of rights under the Zuffa Contract and, therefore, the trial court did not have subject matter jurisdiction. Zuffa also filed a motion to compel arbitration, motion to stay, and plea in abatement, arguing the litigation should be stayed until the Nevada arbitrator decided the duration of the Zuffa Contract and that Couture should be compelled to pursue the pending claims in the Nevada arbitration. The trial court denied both motions, and Zuffa sought relief by way of petition for writ of mandamus and interlocutory appeal.

## Standard of Review

■ Initially, we must determine whether the Federal Arbitration Act, 9 U.S.C.A. §§ 1–16 (West 1999) (FAA) or the Texas Arbitration Act, TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 2005) (TAA), governs this action. Under the Supremacy Clause of the United States Constitution, the FAA preempts all otherwise applicable state laws, including the TAA. *See Allied–Bruce Terminix Co. v. Dobson,* 513 U.S. 265, 272, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 271 (Tex.1992) (orig. proceeding). The FAA applies to contracts evidencing transactions that involve interstate commerce. 9 U.S.C.A. § 2. The FAA does not require a substantial effect on interstate commerce; rather, it requires only that commerce be involved or affected. *Allied–Bruce,* 513 U.S. at 277–81, 115 S.Ct. 834; *In re L & L Kempwood Assocs.,* 9 S.W.3d 125, 127 (Tex.1999) (orig. proceeding) (per curiam).

■ Here, the Zuffa Contract gave Zuffa "worldwide" rights to promote mixed martial arts fights for Couture. Further, the Zuffa Contract provides that Nevada law governs the parties' agreement. *See In re J.D. Edwards World Solutions Co.,* 87 S.W.3d 546, 551 (Tex.2002) (orig. proceeding) (per curiam) (when relevant contract provides that another state's substantive law applies, there is no legal or contractual basis to invoke the TAA). Finally, the arbitration proceeding filed by Zuffa against Couture indicates Couture fought under the Zuffa Contract in both Ohio and Nevada. Accordingly, we conclude the FAA applies. *See Allied–Bruce,* 513 U.S. at 277–81, 115 S.Ct. 834; *J.D. Edwards World Solutions Co.,* 87 S.W.3d at 551.

■ A party seeking relief pursuant to the FAA from the trial court's denial of arbitration or a stay of litigation must file a petition for writ of mandamus. *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 779 (Tex.2006) (orig. proceeding); *Anglin,* 842 S.W.2d at 272–73. Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re McAllen Med. Ctr., Inc.,* No. 05–0892, 2008 WL 2069837, at *1 (Tex. May 16, 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). Under the FAA, mandamus relief is appropriate if the trial court abused its discretion in failing to stay the litigation or compel arbitration. *In re Merrill Lynch Trust Co. FSB,* 235 S.W.3d 185, 188 (Tex.2007) (orig. proceeding).

## Arbitration

■ In its first issue, Zuffa initially contends the trial court erred by denying Zuffa's motion to stay the litigation while the arbitration proceeds. Section 3 of the FAA provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3. The parties do not dispute the existence of a written arbitration agreement between Zuffa and Couture. Therefore, the trial court was required to grant Zuffa's motion to stay this litigation if any issue involved in the case was "referable to arbitration" under the Zuffa Contract. *Id.* HDNet, however, contends any stay was discretionary with the trial court, rather than mandatory under section 3, because HDNet is a non-signatory plaintiff that has not sought arbitration.

■ As a general rule, the mandatory stay applies only to parties to the arbitration agreement. *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 540 (5th Cir.2001) (per curiam). However, a non-signatory party's claims can be subject to the mandatory stay if the "issues presented in the nonparty-party litigation if litigated would have rendered the arbitration redundant and thwarted the federal policy favoring arbitration." *Id.; see Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 195 ("Thus, when an issue is pending in both arbitration and litigation, the Federal Arbitration Act generally requires the arbitration to go forward first; arbitration 'should be given priority to the extent it is likely to resolve issues material to this lawsuit.' "). "The question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful

arbitration." *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A.*, 372 F.3d 339, 343 (5th Cir.2004); *see Rapid Settlements, Ltd. v. SSC Settlements, LLC*, 251 S.W.3d 129, 143 (Tex.App.-Tyler 2008, orig. proceeding); *In re Ghanem*, 203 S.W.3d 896, 899 (Tex.App.-Beaumont 2006, orig. proceeding). Because the focus is the potential effect of the litigation on the signatory party's right to a meaningful arbitration, the non-signatory's status as a plaintiff or a defendant in the litigation is not dispositive. *See Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 196 (noting, as one of many circumstances, that abating non-signatory plaintiff's claims could be necessary to "ensure that an issue two parties have agreed to arbitrate is not decided instead in collateral litigation" (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex.2005) (orig. proceeding))); *Rapid Settlements, Ltd.*, 251 S.W.3d at 144; *Ghanem*, 203 S.W.3d at 900.

■ The mandatory stay in section 3 of the FAA applies to a non-signatory to an arbitration agreement if (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are "inherently inseparable," and (3) the litigation has a "critical impact" on the arbitration. *Waste Mgmt., Inc.*, 372 F.3d at 343; *Rapid Settlements, Ltd.*, 251 S.W.3d at 143. All three elements of this test are met in this case. First, for the trial court to grant the declaratory relief requested by HDNet, it necessarily had to determine Couture's obligations under the Zuffa Contract, including the duration of the contract. Accordingly, the arbitration between Zuffa and Couture and this litigation involve the same operative facts. Further, both the claims asserted by Zuffa in the arbitration and the declaratory judgment sought by HDNet in this litigation revolve around Couture's obligations under the Zuffa Con-

tract and, therefore, are inherently inseparable. Finally, if the litigation proceeded and the trial court ruled on HDNet's request for a declaration of Couture's obligations under the Zuffa Contract, that ruling would have a critical impact on the arbitration and, in fact, could destroy Zuffa's right to a meaningful arbitration by deciding issues subject to the arbitration. Accordingly, the mandatory stay under section 3 applies to this litigation, and the trial court abused its discretion in denying Zuffa's motion to stay the litigation pending the arbitration in Nevada between Zuffa and Couture. *See Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 187.

Zuffa also contends in its first issue that the trial court erred by not compelling Zuffa and Couture to arbitrate their dispute under the Zuffa Contract. However, given that there is a pending arbitration in Nevada between Couture and Zuffa and that this litigation must be stayed pending the outcome of that arbitration, we need not consider whether the trial court erred in refusing to compel Couture and Zuffa to arbitration.

We sustain Zuffa's first issue to the extent it contends the trial court abused its discretion by failing to stay this litigation pending the arbitration between Zuffa and Couture in Nevada.

### Standing

 In its second issue, Zuffa contends the trial court erred by denying Zuffa's motion to dismiss because HDNet, a nonparty to the Zuffa Contract, does not have standing to seek to enforce the agreement or to request the trial court interpret the agreement. HDNet asserts Zuffa is not entitled to mandamus relief on the trial court's denial of the motion to dismiss

because Zuffa has an adequate remedy by appeal. We agree.

 Standing is a party's justiciable interest in a controversy and is a component of subject matter jurisdiction. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex. 1996); *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex.App.-Dallas 2008, no pet.). If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex.1993); *Town of Fairview*, 252 S.W.3d at 855. A challenge to the trial court's jurisdiction is generally considered an incidental ruling for which appeal is an adequate remedy. *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex.2003) (orig. proceeding); *In re Thompson, Coe, Cousins, & Irons, LLP*, 212 S.W.3d 918, 920 (Tex. App.-Tyler 2007, orig. proceeding).[2] Therefore, Zuffa is not entitled to relief by mandamus on the trial court's denial of Zuffa's motion to dismiss. We overrule Zuffa's second issue.

### Conclusion

We conditionally grant Zuffa's petition for writ of mandamus and direct the trial court to stay this litigation pending the outcome of the arbitration in Nevada between Zuffa and Couture. The writ will issue only if the trial court fails to comply. Having concluded the TAA does not apply, we dismiss Zuffa's interlocutory appeal.

---

**2.** Although there are exceptions to this general rule, *see e.g. In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex.2004) (orig. proceeding), Zuffa has not argued any of the exceptions are applicable in this case.