**Opinion issued February 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-12-00293-CV
NO. 01-12-00356-CV

_____

**ACADEMY, LTD. AND ACADEMY MANAGING CO., LTD., Appellant**

**V.**

**DONNA MILLER, INDIVIDUALLY AND AS
THE INDEPENDENT ADMINISTRATOR OF
THE ESTATE OF GREGORY W. MILLER, Appellee**

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2011-46550**

---

*and*

**ACADEMY, LTD. AND ACADEMY MANAGING CO., LTD., Relator**

**Original Proceeding on Petition for Writ of Mandamus**

**O P I N I O N**

This is an interlocutory appeal and a companion petition for a writ of mandamus that challenge the trial court's order designating an arbitral forum. Donna Miller, both individually and as the executor of her deceased husband's estate, has sued her husband's former employers, Academy, Ltd. and Academy Managing Co., L.L.C. (Academy), contending that Academy breached its agreement, pursuant to its executive compensation plan, to pay the estate $2.4 million if Academy underwent a change of control within a three-year period.

Academy invoked the agreement's arbitration provision and moved in the trial court to compel arbitration, which it did. Then, in a motion to clarify that ruling, Miller asked the trial court to interpret the arbitration provision as not requiring administration by the American Arbitration Association. In its order granting Miller's motion, the trial court declared that "the previously ordered arbitration of this cause shall be conducted privately and without having to file and administer the arbitration with the American Arbitration Association."

Academy seeks either appellate or mandamus relief from the trial court's order granting Miller's motion to clarify and supplementing its prior order

compelling arbitration. We hold that we lack jurisdiction over Academy's appeal, but we exercise our mandamus jurisdiction to correct the trial court's error in interpreting a contract issue that properly belongs to the arbitrators. We therefore conditionally grant the writ.

## Background

In 2007, Academy established an executive compensation plan, named "Plan I," for certain employees, including the decedent. Plan I contains the following arbitration provision:

> **Section 14**. <u>Dispute Resolution; Governing Law</u>
>
> (a) The exclusive venue for any action in respect of Section 13 of this Retention Plan shall be the state and Federal courts located in Harris County, Texas.
>
> (b) Except as provided in Section 14(a) above, any controversy or claim arising out of or relating to this Retention Plan Shall be settled by arbitration in Harris County, Texas by three arbitrators appointed by the parties. If the parties cannot agree within 30 days on the appointment of arbitrators, one shall be appointed by the Company and one by the applicable Participant, and the third shall be appointed by the first two arbitrators. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association for resolution of commercial disputes, except with respect to the selection of arbitrators, which shall be as provided in this paragraph. Any award entered by the arbitrators shall be final, binding and nonappealable and judgment may be entered thereon by either party in accordance with applicable law in any court of competent jurisdiction. This arbitration provision shall be specifically enforceable. The arbitrators have no authority to modify any provision of this Retention Plan other than a benefit specifically provided under or by virtue of the Retention Plan. If a Participant substantially

3

prevails on at least one material issue which is the subject of such arbitration, the Company shall be responsible for all of the fees and expenses of the American Arbitration Association and the arbitrators. Otherwise, each party shall share the fees and expenses of the American Arbitration Association and the arbitrators equally.

## Discussion

### I. *Appellate Jurisdiction*

The parties do not contend that their arbitration agreement is governed exclusively by either the Federal Arbitration Act or the Texas General Arbitration Act, and Academy has invoked both sections 51.016 and 171.098 of the Texas Civil Practice and Remedies Code as the basis for our jurisdiction over its appeal. As a threshold issue, Miller challenges whether appellate jurisdiction exists, contending that Academy's challenge to the trial court's order requiring a non-AAA-administered arbitration does not fall within any of the specific grounds for appeal that either of these sections authorizes.

Section 171.098(a)(1), the appeal provision of the state arbitration statute, requires, as a predicate to our interlocutory appellate jurisdiction, the filing of "an application to compel arbitration made under Section 171.021" and an order denying that application. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2012). To prevail under Section 171.021, such a motion must show the existence of an agreement to arbitrate that applies to the parties' dispute and that the opposing party has refused to arbitrate. TEX. CIV. PRAC. & REM. CODE ANN.

4

§ 171.021(a) (West 2012).  Section 51.016 allows for state court appeals in agreements governed by the FAA.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2012).  Pertinent to this case, a party may appeal (1) an order refusing to stay litigation pending arbitration of its subject matter, (2) denial of a petition to order arbitration, and (3) an order denying an application to compel arbitration.  *Id.* (incorporating grounds set forth in 9 U.S.C. § 16).

The appealed order, purporting to clarify the parties' rights under the arbitration agreement, does not fall within any of the types of appealable orders identified under either the state or federal statutes.  We therefore lack appellate jurisdiction over Academy's attempted interlocutory appeal.

## II.  *Mandamus Jurisdiction*

Academy alternatively seeks mandamus relief, complaining that the trial court abused its discretion in signing the order, because it effectively denies Academy's right to arbitrate the underlying dispute according to the arbitration agreement's terms.  A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy at law exists.  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).  A trial court has no discretion to apply the law incorrectly. *Id.* at 840.  A party seeking relief from the failure to enforce a valid arbitration agreement, according to its terms, has no adequate remedy at law and is entitled to mandamus relief to correct the trial court's error.  *See In re Serv. Corp. Int'l*, 355

5

S.W.3d 655, 657 (Tex. 2011) (orig. proceeding) (holding that mandamus relief is available from trial court's appointment of arbitrator in contravention of parties' agreement that they would select arbitrator by mutual agreement or, if unable to agree, seek appointment by AAA); *see Aspen Tech., Inv. v. Shasha*, 253 S.W.3d 857 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (granting relief from trial court's order compelling arbitration under clause in parties' 2006 agreement instead of under parties' 2008 agreement, which had valid arbitration clause that supplanted earlier one); *accord BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 496–97 (5th Cir. 2012) (vacating district court's order requiring parties to proceed to arbitration before five arbitrators, where parties had expressly agreed to arbitrate before three-member panel).

The parties' arbitration agreement provides that they are to select three arbitrators by mutual agreement, or, if they "cannot agree within 30 days on the appointment of arbitrators, one shall be appointed by the Company and one by the applicable Participant, and the third shall be appointed by the first two arbitrators." The parties apparently have no quarrel over this selection method, and they can comply with it before determining whether the arbitration is subject to formal AAA administration.

Because no obstacle to the appointment of the arbitrators exists, we next consider if the question decided by the trial court—whether the arbitration agreement requires the parties to file and administer the arbitration through the American Arbitration Association or merely requires that the arbitrators use the rules set forth by the AAA—is for the courts or the arbitrators to decide. In *Green Tree Financial Corp. v. Bazzle*, the United States Supreme Court explained the narrow scope of the judicial role in interpreting arbitration agreements:

> In certain limited circumstances, courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter (in the absence of "clea[r] and unmistakabl[e]" evidence to the contrary). *AT&T Technologies, Inc. v. Communications Workers*, 475 U. S. 643, 649 (1986). These limited instances typically involve matters of a kind that "contracting parties would likely have expected a court" to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U. S. 79, 83 (2002). They include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy. *See generally Howsam, supra. See also John Wiley & Sons, Inc. v. Livingston*, 376 U. S. 543, 546-547 (1964) (whether an arbitration agreement survives a corporate merger); *AT&T*, supra, at 651–52 (whether a labor-management layoff controversy falls within the scope of an arbitration clause).

539 U.S. 444, 452 (2003); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 82–83, 123 S. Ct. 588, 591 (2002) (holding that applicability of NASD time limit rule is matter presumptively for arbitrator, not for judge). The question of whether the parties agreed to formal AAA administration in this case concerns neither the validity nor the scope of the arbitration agreement. Consequently, the

7

issue belongs to the arbitrators, not to the courts. *See Howsam*, 537 U.S. at 83; *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780–81 (Tex. 2006) (orig. proceeding); *see also Austin Commercial Contractors, L.P. v. Carter & Burgess, Inc.*, 347 S.W.3d 897, 902 (Tex. App.—Dallas 2011, pet. denied) (holding that challenge to Civilian Board of Contract Appeals' [CBCA] jurisdiction as arbitrator of dispute, as well as waiver and election-of-remedies complaints, "are matters of procedure that are for the arbitrator and not for the court," and conditionally granting writ of mandamus directing trial court to vacate portion of order requiring arbitration to proceed under AAA instead of CBCA); *Am. Realty Trust, Inc. v. JDN Real Estate—McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.—Dallas 2002, pet. denied) (citing *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557, 84 S. Ct. 909, 918 (1964) ("[I]f a court determines the parties have an obligation to submit the subject matter of a dispute to arbitration, 'procedural' questions concerning the dispute . . . are left to the arbitrator.")).  We hold that the trial court erred in straying past the gateway and into the arbitrators' presumptive arena by addressing whether the parties agreed to formal AAA administration and ordering that they did not.

## Conclusion

We dismiss Academy's appeal for lack of jurisdiction. We conditionally grant mandamus relief to Academy and direct the trial court to vacate its March 5, 2012 order supplementing its earlier order compelling arbitration. We are confident the trial court will comply, and the writ will issue only if it fails to do so.



Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.