

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00058-CV

**HEB GROCERY COMPANY L.P.**,
Appellant

v.

Maria Del Rosario **DEL CID**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2018-CVF-001384-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2019

REVERSED AND REMANDED

Juan P. Del Cid Castillo sued HEB Grocery Company, L.P. asserting a negligence claim for injuries he sustained. In the same lawsuit, Juan's wife, Maria Del Rosario Del Cid, asserted a loss of consortium claim. HEB appeals the trial court's order denying its motion to stay the litigation of Maria's loss of consortium claim pending the arbitration of Juan's negligence claim. We reverse the trial court's order and remand the cause to the trial court for the entry of an order staying all proceedings in the underlying cause pending the outcome of the arbitration of Juan's claim.

## BACKGROUND

Juan was injured while attempting to cut tree limbs. Juan and Maria subsequently sued HEB alleging Juan was injured in the course and scope of his employment, and his injuries were proximately caused by the negligence of HEB acting through its agents, employees, and representatives. Juan sought to recover damages for his injuries, and Maria sought to recover damages for loss of consortium.

HEB filed a motion to compel arbitration and to stay all proceedings. Attached to HEB's motion was an "Election and Agreement Form" signed by Juan when he first started his employment with HEB.[1] By signing the document, Juan agreed to arbitrate all disputes relating to workplace injuries under the Federal Arbitration Act.

Initially, both Juan and Maria filed a response opposing the arbitration of their claims. At the hearing on HEB's motion, however, Juan agreed to submit his claim to arbitration, but Maria continued to oppose the arbitration of her claim, asserting she was a non-signatory to the agreement.

The trial court granted the motion as to Juan's claim but denied the motion as to Maria's claim. On appeal, HEB does not challenge the portion of the trial court's order denying its motion to compel arbitration of Maria's claim. Instead, HEB only challenges the portion of the trial court's order denying its motion to stay the litigation of Maria's claim pending the outcome of the arbitration of Juan's claim.

## JURISDICTION

In her brief, Maria asserts this court does not have jurisdiction to consider HEB's interlocutory appeal of the trial court's order denying the motion to stay Maria's claim. Instead,

---

[1] HEB was a non-subscriber under the Texas Workers' Compensation Act but adopted a comprehensive HEB Work Injury Benefit Plan. Juan signed the Election and Agreement Form to receive benefits under the plan.

Maria contends HEB was required to challenge the trial court's ruling by seeking mandamus relief. In its reply brief, HEB responds this court has jurisdiction to consider its appeal based on section 51.016 of the Texas Civil Practice and Remedies Code.

Section 51.016 of the Code provides:

> In a matter subject to the Federal Arbitration Act (9 U.S.C. Section 1 et seq.), a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. As previously noted, Juan agreed to arbitration under the Federal Arbitration Act. Under 9 U.S.C. Section 16 an appeal may be taken from an order refusing a stay of any action where an issue therein is referable to arbitration. 9 U.S.C. §§ 3, 16(a)(1)(A); *see also Ruff v. Ruff*, No. 05-13-00317-CV, 2013 WL 2470750, at *1 (Tex. App.—Dallas June 10, 2013, no pet.) (mem. op.) (noting "title 9, section 16 authorizes an appeal from an order denying a stay of the proceedings"); *Acad., Ltd. v. Miller*, 405 S.W.3d 152, 154 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting FAA allows party to appeal an order refusing to stay litigation pending arbitration of its subject matter). Accordingly, we have jurisdiction to consider HEB's interlocutory appeal of the portion of the trial court's order denying its motion to stay the litigation of Maria's claim.

## DISCUSSION

The Federal Arbitration Act requires courts to stay litigation of issues that are subject to arbitration. *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 195 (Tex. 2007) (citing 9 U.S.C. § 3). And "when an issue is pending in both arbitration and litigation, the Federal Arbitration Act generally requires the arbitration to go forward first." *Id*. We review a trial court's ruling on a motion to stay litigation pending arbitration under an abuse of discretion standard. *See Specialty Select Care Ctr. of San Antonio, L.L.C. v. Owen*, 499 S.W.3d 37, 41 (Tex. App.—San Antonio

2016, no pet.); *Star Sys. Int'l Ltd. v. 3M Co.*, No. 05-15-00669-CV, 2016 WL 2970272, at \*4 (Tex. App.—Dallas May 19, 2016, no pet.) (mem. op.).

Although the mandatory stay generally applies only to the parties to the arbitration agreement, a non-signatory party's claims are also subject to the mandatory stay if "(1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are 'inherently inseparable,' and (3) the litigation has a 'critical impact' on the arbitration." *Diligent Tex. Dedicated LLC v. York*, No. 02-17-00416-CV, 2018 WL 4140637, at \*5 (Tex. App.—Fort Worth Aug. 30, 2018, pet. denied) (mem. op.) (quoting *In re Devon Energy Corp.*, 332 S.W.3d 543, 548 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding)); *Zuffa, LLC v. HDNet MMA 2008 LLC*, 262 S.W.3d 446, 450 (Tex. App.—Dallas 2008, no pet.). Maria does not dispute that her loss of consortium claim is derivative of Juan's claim "in the sense that [she is] required to establish [HEB] was liable for [her husband's] underlying injury in order to recover damages." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 646 (Tex. 2009); *see also Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 738 (Tex. 1980) (noting wife's loss of consortium claim is derivative of husband's claim). "Unless this liability can be shown, [Maria] has no cause of action." *Reed Tool Co.*, 610 S.W.2d at 738. Accordingly, Juan's claim and Maria's claim: (1) involve the same operative facts; and (2) are inherently inseparable. In addition, the litigation of Maria's claim would have a critical impact on the arbitration. Therefore, Maria's claim was subject to the mandatory stay. *See All Am. Excavation, Inc. v. Austin Materials, LLC*, No. 04-15-000779-CV, 2016 WL 1464409, at \*4 (Tex. App.—San Antonio Apr. 13, 2016, no pet.) (mem. op.) (holding litigation of derivative claims was required to be stayed to ensure that an issue to be determined by the arbitrator was not decided in the collateral litigation); *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Longoria*, 783 S.W.2d 229, 231 (Tex. App.—

Corpus Christi 1989, no writ) (noting proper action for trial court to take where husband's claim is subject to arbitration is to stay wife's derivative loss of consortium claim).

Maria contends the trial court's verbal ruling at the hearing showed the trial court intended to stay the trial and only allow discovery to proceed. Maria cites federal cases in her brief to assert the trial court had the discretion to allow discovery to proceed. HEB responds that no Texas case has recognized an exception to the mandatory stay that would allow discovery to proceed. We need not resolve whether the trial court had the discretion to allow discovery to proceed in this case because, as HEB also asserts, a trial court's written order controls over any verbal pronouncement.[2] *See In re D.B.*, No. 04-18-00651-CV, 2019 WL 691433, at \*3 (Tex. App.—San Antonio Feb. 20, 2019, pet. denied) (mem. op.); *Rapaglia v. Lugo*, 372 S.W.3d 286, 290 n.3 (Tex. App.—Dallas 2012, no pet.). Here, the trial court's written order denies the motion to stay in its entirety. Because Maria's claim was subject to the mandatory stay, the trial court erred in denying HEB's motion to stay.

## CONCLUSION

The portion of the trial court's order denying HEB's motion to stay the litigation of Maria's claim is reversed, and the cause is remanded to the trial court for the entry of an order staying all proceedings in the underlying cause pending the outcome of the arbitration of Juan's claim.

Liza A. Rodriguez, Justice

---

[2] We note the Texas Supreme Court has commented on a stay being appropriate to prevent "a non-signatory affiliate [from] simultaneously conduct[ing] discovery and chip[ping] away at the same issues in litigation." *In re Merrill Lynch & Co., Inc.*, 315 S.W.3d 888, 892 (Tex. 2010).