

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00463-CV

———————————————

ROBERTA J. KIRBY, WYNELLE ERICKSON, AND YOUNG'S PROFESSIONAL
SERVICES, PLLC D/B/A YPS ANESTHESIA, Appellants

V.

STRATUS DOMINION ANESTHESIA ASSOCIATES, PLLC, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-343315-23

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In one issue in this interlocutory appeal, Appellants Roberta J. Kirby, Wynelle Erickson, and Young's Professional Services, PLLC d/b/a YPS Anesthesia appeal the trial court's order denying their motion to stay the case brought by Appellee Stratus Dominion Anesthesia Associates, PLLC until a related arbitration under the Federal Arbitration Act ("FAA") is concluded.[1] Because the trial court did not abuse its discretion in denying the motion to stay, we will affirm the trial court's order.

## II. BACKGROUND

### A. Stratus's Suit Against Appellants and the Facilities

In June 2023, Stratus sued Appellants and PRHC-Ennis, LP d/b/a Ennis Regional Medical Center and Mexia Principal Healthcare, LP d/b/a Parkview Regional Hospital (collectively, "Facilities")[2] seeking injunctive relief and damages. Stratus alleged that Kirby and Erickson, both certified registered nurse anesthetists

---

[1]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (providing that a person may take an appeal from a judgment or interlocutory order of a district court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16); *see also* 9 U.S.C. §§ 3 (providing for a stay of proceedings where an issue is referable to arbitration), 16(a)(1)(A) (stating that an appeal may be taken from an order refusing a stay of any action under Section 3); *Ruff v. Ruff*, No. 05-13-00317-CV, 2013 WL 2470750, at *1 (Tex. App.—Dallas June 10, 2013, no pet.) (mem. op.) (noting that "title 9, section 16 authorizes an appeal from an order denying a stay of the proceedings").

[2]The Facilities are not parties to this appeal.

2

(collectively, "CRNAs") were "violating their non-competition obligations owed to Stratus" when they, the Facilities, and YPS "formulated an illegal scheme" to have the CRNAs leave Stratus to work for YPS "to perform the exact same duties at the exact same hospitals." As Stratus pleaded, "in participating in this illegal activity, the CRNAs breached their non-competition obligations owed to Stratus, the Facilities have breached their contractual promise not to solicit Stratus's employees, and both the Facilities and YPS have tortiously interfered with the CRNAs' employment agreements with Stratus."

Attached to the pleading were (1) the employment agreements between the CRNAs and Stratus and (2) the professional services agreement ("PSA") between Stratus and the Facilities. Both of the CRNAs' employment agreements contained post-termination covenants not to compete. The PSA contained an arbitration provision.

## B. The Facilities' Motion for Arbitration and Abatement

In May 2024, after all parties answered, the Facilities filed their unopposed motion to compel arbitration and to abate the proceedings. In the motion, the Facilities referenced the arbitration provision found in the PSA attached to Stratus's original petition. On June 6, 2024, the trial court signed an order granting the motion to compel arbitration and ordering that Stratus and the Facilities were "to pursue their claims for damages in arbitration." Moreover, the order "abate[d] this case pending

3

the outcome of the arbitration proceeding."[3]  On that same date, the trial court issued a new scheduling order resetting the trial date to October 28, 2024.

## C. Appellants' Motion to Stay

On October 4, 2024, Appellants filed a motion to stay the proceedings between themselves and Stratus pending the outcome of the arbitration between the Facilities and Stratus.  Stratus filed a response to the motion, to which Appellants replied.

After the October 11, 2024 hearing on the motion, the trial court denied the motion and signed an order stating that "the October 28, 2024 trial setting shall proceed."[4]  Appellants appealed from that order.[5]

---

[3]While the trial court's order appeared to stay the entire case, neither Appellants nor Stratus have taken the position that the stay order applied to the claims between them.

[4]According to Appellants, the case was not called to trial on October 28, 2024, and no new trial date has been set.

[5]Appellants previously filed a petition for writ of mandamus, arguing that the trial court clearly abused its discretion by denying their motion to stay and that they did not have an adequate remedy at law if the Texas Arbitration Act applied.  In this appeal, Appellants explain that "[b]ecause the trial court did not identify whether the Federal Arbitration Act or the Texas Arbitration Act applied, there was uncertainty over whether appeal or mandamus was the required course of action."  We denied that mandamus petition, as well as the emergency motion to stay the trial court proceedings.  *See In re Kirby*, No. 02-24-00464-CV, 2024 WL 4562509, at *1 (Tex. App.—Fort Worth Oct. 24, 2024, orig. proceeding) (per curiam) (mem. op.). Appellants and Stratus now only argue the FAA's applicability.  Appellants contend that the federal act applies because the contracts specifically covered services to be billed to Medicare.  *See Fredericksburg Care Co., L.P. v. Perez*, 461 S.W.3d 513, 518 (Tex. 2015) (stating that "evidence of Medicare payments made to a health care provider on a patient's behalf was 'sufficient to establish interstate commerce and the FAA's

4

## III. DISCUSSION

In their sole issue, Appellants contend that the trial court erred when it denied their motion to stay the case "until a related arbitration under the Federal Arbitration Act is concluded." In response, Stratus contends that the trial court did not abuse its discretion when it denied the motion because of Appellants' delay in seeking the stay and Appellants' failure to show that the litigation would critically impact the arbitration.

### A. Standard of Review and Applicable Law

We apply an abuse of discretion standard of review when considering a trial court's ruling on a motion to stay litigation pending the outcome of arbitration. *See In re Merrill Lynch Tr. Co.*, 235 S.W.3d 185, 196 (Tex. 2007) (orig. proceeding); *see also Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Vets Securing Am., Inc. v. Smith*, 632 S.W.3d 272, 279 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied) ("We review a trial court's decision on whether to grant a stay under FAA § 3 for abuse of discretion."). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

The FAA requires courts to stay litigation of issues that are subject to arbitration. *See* 9 U.S.C. § 3; *Merrill Lynch Tr. Co.*, 235 S.W.3d at 195. Under the FAA,

application' to the case" (quoting *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005) (orig. proceeding))).

the claims of a non-signatory to an arbitration agreement must be stayed pending the outcome of the arbitration between other parties if

> (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are "inherently inseparable," and (3) the litigation has a "critical impact" on the arbitration. *In re Devon Energy Corp.*, 332 S.W.3d 543, 548 (Tex. App.—Houston [1st Dist.] 2009, [orig. proceeding]) (quoting *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004)); *see also* 9 U.S.C.[A.] § 3 (providing for a stay of litigation pending arbitration).

*Estate of Moncrief*, 699 S.W.3d 315, 331 (Tex. App.—Fort Worth 2024, pet. filed) (op. on reh'g) (quoting *In re Hous. Progressive Radiology Assocs., PLLC*, 474 S.W.3d 435, 449–50 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding)).

## B. Analysis

### 1. Delay in seeking a stay

Before the trial court, Stratus argued that one of the reasons that the requested stay of the litigation between it and Appellants should not be granted was due to Appellants' delay in seeking the stay. Appellants disagreed, stating that Stratus was responsible for any of their delay due to Stratus's delay in seeking arbitration against the Facilities.

The record, however, does not reflect that Stratus ever moved for arbitration or a stay of the proceedings. Rather, the Facilities filed their motion to compel arbitration and abate the proceedings on May 10, 2024. The trial court signed the order granting the motion on June 6, 2024. Although the trial between Stratus and

6

Appellants was scheduled for October 28, 2024, Appellants did not file their motion to stay the trial court proceedings until October 4, 2024.

In its response to Appellants' motion to stay, Stratus complained of Appellants' "eleventh hour" and "last-ditch" effort to delay the October 28, 2024 trial date, which Stratus states Appellants agreed to in the June 6, 2024 scheduling order. In arguing against the stay, Stratus contended that it was "in the throes of trial preparations" and had incurred "great legal expense in the process." In response, Appellants argued that "Stratus's alleged equitable arguments for opposing the motions are irrelevant and cannot be considered" and that Stratus caused the delay by litigating its claims against the Facilities for over a year before agreeing to the arbitration.

On appeal, Stratus again complains of Appellants' "deliberate dilatory tactics" in filing their motion to stay and describes Appellants' motion as "another ploy in their unabashed campaign to delay the inevitable liability for their wrongdoing." According to Stratus, the delay was one of the reasons for the trial court denying the motion to stay. In their reply, Appellants argue that Stratus waived its delay argument because it did not cite to any authority for its claim.

However, Stratus's appellate arguments pertain to why the trial court did not abuse its discretion by denying the motion to stay. And, before the trial court, Stratus specifically cited and relied upon two cases to support its arguments: (1) *In re Medina*, No. 04-20-00390-CV, 2021 WL 603360, at *4 (Tex. App.—San Antonio Feb. 17, 2021, orig. proceeding) (mem. op.) (stating that "a party may sometimes waive the

7

right to a stay by failing to object to the trial court's actions") and (2) *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2011) (stating that the appellant's "failure to object to the trial court's actions waived any error related to the stay" and recognizing that, by failing to object, "a party may waive complaints about a trial court's actions in violation of the stay imposed by section 151.014(b)" of the Texas Civil Practice and Remedies Code).

As a general rule, a plea in abatement must be raised in a timely manner, or it is waived.[6] *Wyatt*, 760 S.W.2d at 248. Here, Appellants failed to explain their five-month delay after the arbitration was requested and their four-month delay after the arbitration was granted before filing their own motion to stay. *See Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 829–30 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("[Appellant] offers no explanation for his failure to file the motion to abate earlier other than pointing to his previously filed, procedurally incorrect attempts to raise dominant jurisdiction in his motions to transfer venue."); *see also* 9 U.S.C. § 3

---

[6]The Facilities earlier moved to "abate" the trial court proceedings between themselves and Stratus, while Appellants moved to "stay" the trial court proceedings between themselves and Stratus. Although courts and litigants often use these terms interchangeably, abatement, in a proper case, is a matter of right, while a motion to stay is directed to the discretion of the court and the granting or denying of such a motion will only be reviewed for an abuse of discretion. *See In re Unauthorized Prac. of Law Comm.*, No. 13-08-00662-CV, 2008 WL 6654756, at *1, n.2 (Tex. App.—Corpus Christi–Edinburg Dec. 4, 2008, orig. proceeding) (per curiam) (mem. op.); s*ee also Evans v. Evans*, 186 S.W.2d 277, 279 (Tex. App.—San Antonio 1945, no writ) (stating that an abatement is a "matter of right" and "an application for a stay of proceedings is directed to the discretion of the court").

(allowing for a stay of litigation "providing the applicant for the stay is not in default in proceeding with such arbitration"); *Mamlin v. Susan Thomas, Inc.*, 490 S.W.2d 634, 638 (Tex. App.—Dallas 1973, no writ) (stating that "[u]nder this statute the federal courts have held that a defendant is not 'in default' and has not waived his right to arbitration if he promptly claims that right in his answer and applies for a stay of the proceedings in court").

While it is unclear whether Stratus actually needed to show prejudice by Appellants' delay in seeking the motion to stay, it spoke to such proof of prejudice before the trial court. *See Vets Securing Am., Inc.*, 632 S.W.3d at 281 (noting that "it is unclear whether [Appellee] actually needed to show he was prejudiced by [Appellant's] delay in order for his motion [to lift a stay that was previously imposed to allow arbitration] to have merit"). At the hearing on the motion to stay, Stratus's attorney argued,

> And here we are two weeks before the second trial setting that we all discussed four months ago and now, all of [a] sudden, all of the work that Stratus has done to get ready for trial, all the fees that have been incurred as we got our evidence -- We're ready to go. Now, all of a sudden, YPS wants to put that on ice, and they want us to have to re-reprepare for trial, whenever that's going to happen, however long away the arbitration's going to take. We don't have a final hearing set yet. . . . And this is a litigation tactic.

Therefore, we conclude that the trial court's ruling on the motion could have considered Appellants' delay in seeking the stay. *See In re La.-Pac. Corp.*, 112 S.W.3d 185, 189 (Tex. App.—Beaumont 2003, orig. proceeding) ("Courts have considered

9

not only the passage of time, but also the actions of the party moving for abatement during that time, and whether any delay in the filing of the motion for abatement was harmful or prejudicial to the opposing party."). Moreover, the delay is relevant in considering whether the trial court abused its discretion in denying the motion to stay.

## 2. Effect of the litigation on arbitration

In addition to the delay argument, Stratus contends that the trial court did not abuse its discretion by denying the motion to stay because Appellants failed to demonstrate how Stratus's claims against them would have a "critical impact" on Stratus's arbitration proceedings against the Facilities. *See Devon Energy Corp.*, 332 S.W.3d at 548 (citing *Waste Mgmt., Inc.*, 372 F.3d at 343). In their motion to stay, Appellants argued that "Stratus's claims share the same operative facts and are inherently inseparable" and "every claim asserted by Stratus against [the Facilities] shares the same underlying core issue as those asserted against [Appellants]." On appeal, Appellants also argue that, if not stayed, "this litigation would have a 'critical impact' on the arbitration."[7]

---

[7]In its brief, Stratus contends that the "critical impact" element was never presented to the trial court, and therefore, should be disregarded. In their reply, Appellants state that their "critical impact" argument was not waived because it is merely a new argument and not a new issue and, therefore, can be considered. We agree. A question not expressly mentioned to the trial court is nonetheless adequately preserved if it is one of the "subsidiary questions fairly included" in a question that was presented below. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017); *see Bertucci v. Watkins*, No. 23-0329, 2025 WL 807355, at *4 (Tex. Mar. 14, 2025).

10

Generally, the mandatory stay applies only to parties to an arbitration agreement. *See id.* Claims against a non-signatory may be stayed if the "issues presented in the nonparty-party litigation if litigated would have rendered the arbitration redundant and thwarted the federal policy favoring arbitration." *Id.* (quoting *Zuffa, LLC v. HDNet MMA 2008 LLC*, 262 S.W.3d 446, 450 (Tex. App.— Dallas 2008, no pet.)). "[T]he fact that nonarbitrable claims against third parties are based on facts related to arbitrable claims does not alone make a stay of those claims necessary." *Diligent Tex. Dedicated LLC v. York*, No. 02-17-00416-CV, 2018 WL 4140637, at *5 (Tex. App.—Fort Worth Aug. 30, 2018, pet. denied) (mem. op.). "The question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Zuffa LLC*, 262 S.W.3d at 450 (quoting *Waste Mgmt., Inc.*, 372 F.3d at 343).

We first note that none of the signatories to the arbitration agreement moved to stay the litigation, and none of the signatories to the arbitration agreement argued that the litigation would prejudice the arbitration. Rather, the only argument about prejudice to the arbitration came from Appellants, all of whom were non-signatories to the arbitration agreement. Stratus emphasized this fact to the trial court:

> The emphasis and analysis here is not on any prejudice to the right of his clients -- anything that might be adjudicated in the arbitration that would then have a preclusive effect in this lawsuit. He's got it backwards. It's the other way. We are looking at what might be adjudicated in this trial

11

court proceeding that would then undermine, have a preclusive effect, make the arbitration redundant.

Even if Appellants appropriately moved to stay the litigation, Stratus argues that its claims against Appellants will not critically impact the arbitration proceedings between it and the Facilities. Stratus contends that its claims in the trial court are (1) against YPS for tortious interference with the PSA between itself and the Facilities and tortious interference with the employment agreements and (2) against the CRNAs for their respective breaches of their employment agreements with it. In contrast, its claims against the Facilities in arbitration are for the Facilities' (1) breaching their obligations to Stratus under the PSA, (2) intentionally defrauding it by concealing material information, and (3) tortiously interfering with the CRNAs' employment agreements. Stratus argues that its claims against YPS and the CRNAs address their individual conduct and that those "determinations do not formally adjudicate any particular issue pending in arbitration regarding the Facilities' own breaches of the PSA." We agree.

Indeed, Stratus's live pleadings complain about the CRNAs' breaches of their employment agreements and seek damages and injunctive relief against them for the alleged breaches. On the other hand, the complaints against the Facilities center on their breaches of the PSA and seek damages and injunctive relief arising out of those alleged breaches. The claims against YPS are for its individual conduct in

12

intentionally interfering with the PSA and intentionally interfering with the employment agreements.

Appellants have presented no evidence that the claims against them will be adjudicated first and have a preclusive effect on or moot the claims in the arbitration. *See Merrill Lynch Tr. Co.*, 235 S.W.3d at 195–96. Moreover, none of the claims in the litigation are derivative of or dependent on the claims pending in arbitration. *See HEB Grocery Co L.P. v. Del Cid*, No. 04-19-00058-CV, 2019 WL 3432087, at *2 (Tex. App.—San Antonio July 31, 2019, no pet.) (mem. op.) (reversing order denying motion to stay because wife's loss of consortium claim was derivative of husband's personal injury claim). And none of Appellants' claims are precursors or predicates to the claims pending in arbitration. *See Corey Constr. GP, LLC v. Passco Cos., LLC*, No. 13-23-00520-CV, 2024 WL 3533062, at *5 (Tex. App.—Corpus Christi–Edinburg July 25, 2024, no pet.) (mem. op.) (concluding that the litigation claims have a "critical impact" on the arbitration because the litigation claims "essentially are a precursor" and a "predicate" to the claims pending in arbitration).

Even though the petition describes an "illegal scheme" and alleges some of the same causes of action against multiple defendants, the arbitration complains primarily of breaches of the PSA, while the litigation focuses on breaches of the employment agreements of the CRNAs. *See Nat'l Claims Negotiators LLC v. Guerra*, No. 05-19-00495-CV, 2020 WL 1536246, at *4 (Tex. App.—Dallas Mar. 31, 2020, no pet.) (mem. op.) (affirming denial of the nonparties' motion to stay and stating that "each

13

appellee relies on a separate, distinct set of underlying facts . . . even though the petition describes a pervasive 'scam' and alleges the same causes of action against multiple defendants").

We cannot conclude that allowing the litigation to proceed would subvert the arbitration by deciding issues subject to the arbitration or overlapping the factual disputes in the arbitration. *See Devon Energy Corp.*, 332 S.W.3d at 549 (staying the litigation because it could "subvert" the right to a meaningful arbitration by deciding issues subject to arbitration); *see also Cardinal Senior Care, LLC v. Bradwell*, No. 04-21-00557-CV, 2022 WL 17660268, at *5 (Tex. App.—San Antonio Dec. 14, 2022, no pet.) (mem. op.) (reversing order denying a stay "[b]ecause overlapping factual disputes are likely to arise when addressing the two sets of claims"). And as noted above, no signatory to the arbitration agreement—the only ones to be impacted *if* the litigation were to affect the arbitration—sought to stay the litigation. The fact that claims against third parties are based on facts related to the arbitrable claims does not alone make the stay of those claims necessary. *See Diligent Tex. Dedicated LLC*, 2018 WL 4140637, at *5. Therefore, Appellants failed to show that the litigation would have a "critical impact" on the arbitration. *See Devon Energy Corp.*, 332 S.W.3d at 548 (citing *Waste Mgmt., Inc.*, 372 F.3d at 343).

Considering the entire record, we cannot conclude that the trial court abused its discretion by denying the motion to stay the litigation between Appellants and

Stratus.  *See Merrill Lynch Tr. Co.*, 235 S.W.3d at 195–96.  Accordingly, Appellants' sole issue is overruled.

## IV.  CONCLUSION

Having overruled Appellants' sole issue, we affirm the trial court's order denying the stay of the case.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  April 3, 2025

15